

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2003

# Burnett v. Clearfield Hospital

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4503

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Burnett v. Clearfield Hospital" (2003). *2003 Decisions.* Paper 39.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/39

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

02-4503
_____

CAROL A. BURNETT,

Appellant

v.

CLEARFIELD HOSPITAL

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
_____

(D.C. Civ. No. 00-cv-00166J)
District Judge:  The Honorable Donetta W. Ambrose

Submitted Under Third Circuit Rule 34.1(a)

October 23, 2003

Before:  ALITO, FUENTES, and BECKER, Circuit Judges

(Filed: December 22, 2003)
_____

OPINION
_____

PER CURIAM:

Because we write for the benefit of the parties, the background of the case is not set out.

Burnett contends that the summary judgment record is sufficient to show that the Hospital regarded her as having a disability. We do not agree. In order to show that the Hospital regarded Burnett as substantially limited with respect to the major life activity of lifting, Burnett would have to show that the Hospital regarded her as unable to lift 10 pounds, Marinelli v. City of Erie, 216 F.3d 354, 364 (3d Cir. 2000), and there is no evidence to that effect. On the contrary, the evidence merely shows that the Hospital regarded her as unable to meet the 50-pound lifting requirement that it set for nursing positions.

The record is also insufficient to show that the Hospital regarded her as substantially limited in the major life activity of working. The record shows no more than that the Hospital regarded her as unable to meet its own requirements for nursing positions. Burnett has not identified any evidence in the record that other hospitals had similar requirements or that the Hospital believed that other hospitals and other employers of nurses had such a job requirement.

The testimony of Burnett's vocational expert does not show that she was substantially limited in the major life activity of working. The expert answered in the affirmative when asked whether Burnett would be disqualified from a broad range of jobs

2

if she could not work full time in "lifting positions" and if the only full-time jobs she could perform were "non-lifting" jobs. This testimony is insufficient because, among other things, it does not take into account Burnett's specific lifting restriction, i.e., between 20 and 40 pounds.

Finally, the remark that Burnett attributes to Hudson is insufficient. Burnett claims that Hudson "told" her to apply for Social Security disability benefits. Hudson, on the other hand, says Burnett asked if she would qualify for such benefits and that Hudson replied that she did not know but would investigate if Burnett wished. We must of course view the record in the light most favorable to Burnett, but even when we do so, the record is inadequate. Hudson's statement that Burnett asked whether she was qualified is not controverted; nor is there any evidence that Hudson knew the requirements for receiving disability benefits. Under these circumstances, "telling" Burnett to apply does not reasonably show more than that Hudson thought that if Burnett wished to pursue such benefits, she should apply. Hudson's statement cannot reasonably be interpreted to mean that Hudson felt that Burnett was in fact qualified for such benefits.

Burnett suggests that the Hospital discharged her in retaliation for filing worker's compensation claims. However, the only legal claims asserted in this appeal concern discrimination based on disability, and therefore no issue regarding worker's compensation is before us.

We heard argument on this appeal, and we have carefully considered all of

3

Burnett's arguments.  We find no ground for reversal.

For these reasons, the order of the District Court is affirmed.